**John BARCZAK, Petitioner,**

v.

**Martin MAGNUSSON, Respondent.**

**Civ. No. 90–0008 P.**

United States District Court,
D. Maine.

April 25, 1990.

John Barczak, Thomaston, Me., pro se.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, Me., for respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

GENE CARTER, Chief Judge.

In this action Petitioner seeks review of his state conviction on two counts of murder for which he is currently serving concurrent sixty year terms of imprisonment. Petitioner's direct appeal of that conviction was denied by the Maine Law Court. *State v. Barczak*, 562 A.2d 140 (Me.1989). His appeal of sentence to the Appellate Division of the Supreme Judicial Court was also denied. Before this Court, Petitioner asserts two grounds for relief, each of which includes two distinct allegations of constitutional error below. Petitioner first asserts that he should be granted relief because his conviction was obtained by use of a coerced confession. Specifically, he states "[t]hat I was under the influence of drugs and alcohol and was not told of my rights." Second, he asserts that the search to which he was subjected was unconstitutional because the factual basis for the warrant was insufficient and because it was conducted during the night without sufficient reason.

### Exhaustion of State Remedies

A state prisoner who petitions for federal habeas relief must have given the state courts the first opportunity to decide the federal constitutional claims which he raises; *i.e.*, he must have exhausted his state remedies. *Nadworny v. Fair*, 872 F.2d 1093, 1095 (1st Cir.1989). Petitioner raised arguments concerning both his statements and the warrant in a pre-trial motion to suppress, which was denied, in major part, after hearing by a Justice of the Maine Superior Court. He asserted the same claims to the Maine Law Court, which expressly addressed and rejected them. *Id.* at 144–45.

The Court's review of the record indicates that although Petitioner presented a claim concerning the involuntary nature of his confession to the state courts, that claim was based on state rather than federal constitutional law. Both Maine and federal law exclude from evidence confessions that are not voluntary. Federal law holds that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 164–65, 107 S.Ct. 515, 520–21, 93 L.Ed.2d 473 (1986). Federal law also provides that the voluntariness of a confession may be established by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). Maine law, on the other hand, requires the trial court to consider the totality of circumstances and determine whether the State has proved beyond a reasonable doubt that a confession was voluntary. *State v. Franklin*, 463 A.2d 749, 752 (Me. 1983). Under Maine law, causal police conduct is not a *sine qua non* of a finding that a confession is involuntary. *State v. Caouette*, 446 A.2d 1120, 1123 (Me.1982). Relying for the most part[1] on state court decisions, Petitioner argued to both the appellate and trial courts that the burden was on the State to prove beyond a reasonable doubt that his statements were voluntary. Petitioner neither focused on the discrete requirement of causal police conduct in his rambling presentation nor cited appropriate federal caselaw from which the courts might have inferred that they were

---

1. In his Law Court brief, Petitioner cites one United States Supreme Court case from 1973, *Schneckloth v. Bustamonte*, 412 U.S. 218, 224–226, 93 S.Ct. 2041, 2046–2047, 36 L.Ed.2d 854. Surrounded as it was by citations to state authority, this case, which does not even state the most current Supreme Court teaching on the federal constitutional issue of voluntary statements, was not enough to alert a reasonable jurist on the Law Court to the existence of a federal question. As the court of appeals stated in *Nadworny*, "[w]e do not mean to suggest that an isolated federal-law bloom in a garden thick with state-law references will serve. There is more to a petitioner's burden than simply citing a federal case or two." *Nadworny*, 872 F.2d at 1101.

presented with a federal claim. Although, under the circumstances of this case, a federal claim might have been fully included within the state claim, *see Nadworny,* 872 F.2d at 1100–01, the record makes plain that the state courts did not "reach out for, or otherwise become alerted to, the federal issue." *Id.* The trial court "review[ed] the legal standards applicable under Maine law to statements by an accused" and followed Maine law concerning the ability of a heavily intoxicated or emotionally upset defendant to make voluntary statement. Record at 47. The Law Court recited the state burden of proof and characterized the issue presented by Petitioner's appeal as one clearly not cognizable under federal law: whether the statements should be suppressed as involuntary because Petitioner was intoxicated when he made them. *Barczak,* 562 A.2d at 145.

The Court is satisfied under the precepts set forth in *Nadworny v. Fair* that Petitioner did not adequately present to the state courts his federal claim that his confession was involuntary. He has not, therefore, exhausted his state remedies on the voluntariness claim. *See Nadworny,* 872 F.2d at 1101. The Supreme Court has held that habeas corpus petitions, like this one, presenting both exhausted and unexhausted claims, must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

Accordingly, it is ORDERED that the instant Petition for a Writ of Habeas Corpus be, and it is hereby, DISMISSED.

SO ORDERED.